IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKAL ALLEN,

      Plaintiff,                      No. CIV S-09-3488 EFB P

   vs.

D. CASEY,

      Defendant.                  ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636.

      On December 14, 2010, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e. On October 7, 2010, the court advised plaintiff of the requirements for filing an opposition to the motion, that failure to oppose such a motion may be deemed a waiver of opposition to the motion, and that failure to comply with the Local Rules may result in dismissal. Plaintiff failed to timely oppose the motion.

////

////

1

Accordingly, on February 1, 2011, the court once again informed plaintiff that failure to file a written opposition or a statement of no opposition may be deemed a waiver of any opposition to the motion, gave plaintiff 30 days to file an opposition or statement of non-opposition and warned him that failure to do so could result in dismissal. *See* Fed. R. Civ. P. 41(b). The time for acting has passed and plaintiff has not filed an opposition or a statement of no opposition.[1]

The court finds that plaintiff twice has been warned with specificity that he must file a response to defendants' motion and has been given multiple extensions of time. Plaintiff has disobeyed this court's orders. The appropriate sanction is dismissal without prejudice.

Accordingly, it is hereby ordered that this action is DISMISSED without prejudice. *See* Fed. R. Civ. P. 41(b).

DATED: May 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although it appears from the file that plaintiff's copy of the February 1, 2011 order was returned as undeliverable, plaintiff was properly served. It is plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

2